Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Oscar B. Martinez,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------X
OSCAR B. MARTINEZ, on behalf of himself
and all others similarly situated,

                        Plaintiffs,

            v.

TROMBERG MORRIS POULIN, PLLC

                        Defendant.
-----------------------------------------------------X

**CLASS ACTION
COMPLAINT**

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against

Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure,

all others similarly situated, alleges as follows:

## **INTRODUCTION**

1.  Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this
    action to secure redress for the debt collection practices utilized by the Defendant,
    Tromberg Morris Poulin, PLLC ("TMP" or "Defendant") in connection with their
    attempts to collect alleged debts from the Plaintiff and others similarly situated.

2.  Plaintiff alleges that TMP's collection practices violated the Fair Debt Collection
    Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:

    a. The acts giving rise to this lawsuit occurred within this District; and

    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Oscar B. Martinez, is an individual natural person who at all relevant times resided in the City of Linden, County of Union, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Tromberg Morris Poulin, PLLC is a Professional Limited Liability Corporation with an office located at 39 Broadway, Suite 1250 New York, NY 10006.

10. The principal purpose of TMP is the collection of debts using the mail and telephone.

11. TMP regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. TMP collects and attempts to collect debts owed or due another that were incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service and/or the telephone.

13. TMP is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).


## **FACTS**


14. Sometime in August of 2013, Plaintiff allegedly incurred a debt to 1st Financial Bank USA related to a personal credit card account with an account number ending in 1987 (the "Debt").

15. 1st Financial Bank USA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

16. The Debt arose out of transactions in which the money, property, insurance or services which are the subject of the transactions were primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name.

17. The Debt arose out of a credit card account which Plaintiff opened and used for his personal use.

18. Plaintiff's credit card account that was issued by 1st Financial Bank USA was neither opened nor used by Plaintiff for business purposes.

19. Plaintiff's personal credit card account Debt to 1st Financial Bank USA is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

21. At some point after Plaintiff's fell behind on payments owed on the Debt, 1st Financial Bank USA determined that the Debt was uncollectable and therefore decided to "charge-off" the Debt.

22. Upon information and belief, 1st Financial Bank USA charged off the Debt in August of 2020.

23. Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records.[1] These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

24. Sometime after 1st Financial Bank USA charged off the Debt, 1st Financial Bank USA hired TMP to collect the Debt and placed Plaintiff's Debt with Defendant for collection.

25. Defendant knew the Debt had been charged off by 1st Financial Bank USA when 1st Financial Bank USA placed the Debt with them for collection.

26. The Debt was past-due and in default when it was placed with Defendant for collection.

27. Defendant contends that the Debt is past-due and in default.

28. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

29. On or about November 28, 2020, TMP mailed or caused to be mailed a letter to Plaintiff (the "Letter"). (Annexed and attached hereto as **Exhibit A** is a true copy of the Letter dated November 28, 2020 sent by TMP to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

---

[1] By charging off the Account, the Debt had been in default for a period of approximately 180 days. *See* Uniform Retail Credit Classification and Account Management Policy, 65 Fed. Reg. 36903 (June 12, 2000); *see also* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days.").

30. TMP mailed the Letter to Plaintiff as a part of their efforts to collect the Debt.

31. The Letter seeks to collect the Debt.

32. Plaintiff received the Letter in the mail.

33. Plaintiff read the Letter upon receipt of it in the mail.

34. The Letter conveyed information regarding the Debt including the balance allegedly due, TMP matter number and a request for payment.

35. The Letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

36. The Letter is the first written notice that TMP sent to Plaintiff regarding the Debt.

37. The Letter is TMP's initial "communication" as that term is defined by 15 U.S.C. § 1692a(2) with the Plaintiff.

38. The front of the Letter states that the "Balance Due" on the Debt is $5,012.57.

39. The back of the Letter states in relevant part:

> ***As of the date of this letter, you owe $5,012.57. Because of interest, late charges and other charges that may vary from day to day, the amount due on the date you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which even we will inform you before depositing the check for collection.***

(Emphasis in Original)

40. Contrary to the statement contained on the back of the Letter, at no time after placing the Debt with TMP for collection, did 1st Financial Bank USA or TMP impose interest, late charges, and/or any other charges on the Debt.

41. Contrary to the statement contained on the back of the Letter, at no time on or after the Debt was placed with TMP for collection could 1st Financial Bank USA or TMP have legally imposed interest, late charges, and/or any other charges on the Debt.

42. Contrary to the statement contained on the back of the Letter, at no time does 1st Financial Bank USA assess interest, late charges and/or other charges to a consumer's balance due on a credit card debt after that debt has been charged off and 1st Financial Bank USA has ceased sending monthly statements to said consumer.

43. Contrary to the statement contained on the back of the Letter, at no time does TMP assess interest, late charges and/or other charges to the balance(s) due on consumer debts, which are similar to the Debt in that they have been charged off by the creditor who hired TMP to collect the Debt.

44. Contrary to the statement contained on the back of the Letter, at no time can TMP assess interest, late charges, and/or any other charges or fees due on consumer debts, which are similar to the Debt in that it has been charged off by the creditor who hired TMP to collect the Debt.

45. TMP is not lawfully or contractually permitted to add interest to the Debt.

46. TMP is not lawfully or contractually permitted to impose late charges on the Debt.

47. TMP is not lawfully or contractually permitted to add any other charges to the balance alleged due on the Debt.

48. Federal regulations require banks, such as 1st Financial Bank USA to send periodic statements on all accounts, including defaulting accounts in order to assess and charge interest or fees to the account.[2] Thus, banks cannot assess interest, late charges or other charges or fees if periodic statements are not sent.

49. 1st Financial Bank USA ceased sending period statements to Plaintiff regarding the Debt and stopped assessing interest, late charges and/or other charges on the Debt prior to the

---

[2] 12 C.F.R. § 226.5(b)(2)(i).

Debt being placed with TMP for collection and prior to TMP mailing or causing to be mailed the Letter attached as <u>Exhibit A</u>. Therefore, 1st Financial Bank USA could not legally access interest, late fees or other charges on the Debt when the Debt was placed with TMP for collection.

50. TMP had actual knowledge that the Debt had been charged off by 1st Financial Bank USA and that 1st Financial Bank USA had ceased sending periodic statements to Plaintiff regarding the Debt when 1st Financial Bank USA placed the Debt with TPM for collection.

51. TMP had actual knowledge that the amount of the Debt would not increase because of interest, late fees or other charges while placed with them for collection.

52. TMP had actual knowledge that the amount of the Debt could not increase because of interest, late fees or other charges while placed with them for collection because they knew the Debt has been charged off by 1st Financial Bank USA and 1st Financial Bank USA has ceased sending periodic statements regarding the Debt to the Plaintiff.

53. Upon information and belief, 1st Financial Bank USA informed TMP that the Debt would not increase because of interest, late fees and/or any other charges when they placed the Debt with TMP for collection.

54. There would never be assessments made by 1st Financial Bank USA or TMP in the form of interest, late charges, and/or other charges regarding Plaintiff's Debt after it was placed with TMP for collection.

55. TMP's collection practice is a high-volume practice.

56. TMP's debt collection practice is largely automated and utilizes standardized form letters.

57. On information and belief, the Letter attached as Exhibit A is a mass-produced, computer generated form letter that is prepared by TMP and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

58. TMP mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New Jersey consumers from whom TMP attempted to collect a consumer debt.

59. It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which falsely threaten that interest, late charges and/or other charges may be added to the balance of their debts in violation of the FDCPA.

60. Defendant used the same procedures it used in sending the letter attached as Exhibit A when sending the same and/or similar letters to other New Jersey Consumers.

### CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

61. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

62. The conduct of the Defendant in this case violates 15 U.S.C. §§ 1692, 1692e(2)(A), 1692e(5) and 1692e(10).

63. The FDCPA at Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

(A) the character, amount, or legal status of any debt; or

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

64. Defendant's statement in the Letter attached as <u>Exhibit A</u> that, "***As of the date of this letter, you owe $5,012.57. Because of interest, late charges and other charges that may vary from day to day, the amount due on the date you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which even we will inform you before depositing the check for collection***" is false, deceptive, and misleading in violation § 1692e of the FDCPA. The statement is false, deceptive and misleading because Defendant falsely suggested in their Letter that the balance due on the Debt may increase from day to day because of interest, late charges and other charges. In reality, the balance due on the Debt could never and would never vary from day to day because of assessments in the form of interest, late charges or other charges because 1st Financial Bank USA had charged off the debt, ceased sending periodic statements to Plaintiff, and stopped charging assessments (such as interest, late charges, or other charges) on the Debt prior to the Debt being placed with Defendant for collection, and Defendant was aware of all of the above.

65. TMP's false statement that interest, late fees, and/or other charges may continue to accrue on the Debt made Plaintiff uncertain as to the amount allegedly owed to 1st Financial Bank USA and uncertain as to how much additional charges such as interest, late charges, or other charges, would continue to accrue on their Debt.

66. Defendant's false and misleading statement that "Because of interest, late charges that may vary from day to day, the amount due on the day you pay, may be greater" is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer into believing that paying less than the full amount owed or not immediately paying would cause the balance of the debt to increase.

67. Case law from this District has repeatedly held that collection letters which state that interest, late charges or other charges may accrue on a debt, when in reality they cannot, violate the FDCPA. *See e.g.* Hovermale v. Immediate Credit Recovery Inc., 2016 WL 4157160, at *3 (D.N.J. Aug. 4, 2016) ("Because Defendant could not lawfully assess late charges, it was misleading to the least sophisticated debtor for Defendant to represent that Plaintiff's amount due "may be greater" due to late charges."); Hassine v. Simon's Agency, Inc., 2020 WL 3481815, *4 (D.N.J. June 26, 2020)("The collection letter falsely stated that interest and other fees may accrue on the debt owed to Meridian. That statement is misleading to the least sophisticated debtor, as it would lead her to believe that she may owe more than the amount stated, even though no interest or fees would actually be imposed) *See also* Safdieh v. P & B Capital Grp., LLC, 2015 WL 2226203 (D.N.J. May 12, 2015); Reeseg v. Gen. Revenue Corp., 2015 WL 4525869 (D.N.J. July 27, 2015). Because TMP's Letter states that interest, late fees and other charges may accrue on the Debt when in fact those charges will not and cannot accrue on the charged off Debt, like in the cases cited above, TMP's letter also violates the FDCPA.

68. Defendant violated the FDCPA because Letter attached as Exhibit A:

   a. Made false, deceptive or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. §1692e.

   b.  Made false representations of the character, amount, or legal status of a debt in violation of 15 U.S.C. §1692e(2)(A) by falsely representing that the amount of the debt was subject to increases because of interest, late charges, and/or other charges) when in fact, legally, it was not because the Debt had been charged off by 1ˢᵗ Financial Bank USA and 1ˢᵗ Financial Bank USA had ceased sending Plaintiff monthly statements prior to the Letter attached <u>Exhibit A</u> being mailed by TMP to Plaintiff. TMP also knew that the Debt has been charged off and would not accrue interest, late fees or other charges while placed with them for collection.

   c.  Threatened to take an action that could not legally be taken or that was not intended to be taken, in violation of 15 U.S.C. §1692e(5), by falsely stating that the Debt may be increased because of interest, late charges and other charges, when in reality, under no circumstances would the Debt increase because of interest, late charges, or other charges added to the account.

   d.  Used false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692(e)(10).

69. The violations of the FDCPA described herein constitute *per se* violations.

70. The violations of the FDCPA described herein are material in that they have the potential to affect the least sophisticated consumer's decision making by falsely making a consumer believe that their debt will or may increase because of interest, late fees, or other charges if it is not fully paid when that is not in fact true.

71. Plaintiff has alleged a particularized injury because the Letter was mailed and directed to him.

72. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right to be free from abusive debt communications and Defendant's violations of the FDCPA resulted in concrete harm to Plaintiff.

73. TMP is liable to Plaintiff and the proposed class pursuant to 15 U.S.C. § 1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

74. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

75. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

76. The Class consists of (a) all individuals (b) with a New Jersey address (c) who were sent a Letter from TMP in a form materially identical or substantially similar to letter attached as Exhibit A to the Complaint (d) in an attempt to collect a debt that had previously been charged off by 1ˢᵗ Financial Bank USA (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (g) which letter included the alleged conduct and practices described herein.

77. The class definition above may be subsequently modified or refined.

78. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

79. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of a form collection

letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

ii. **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts

with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

14

2. Adjudging that TMP violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10);

3. An award of statutory damages for Plaintiff and the class pursuant to 15 U.S.C. § 1692k;

4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
        December 17, 2020

                                /s/ Ryan Gentile
                        By:_____
                                Ryan Gentile, Esq.
                                Attorney for Plaintiff
                                110 Jericho Turnpike – Suite 100
                                Floral Park, NY 11001
                                Tel: (201) 873-7675
                                Fax: (212) 675-4367
                                rlg@lawgmf.com